## Douglas Stearly Trucking Service v. Home Insurance Company of New York

*Wisler, Pearlstine & Talone*, for plaintiff.

*Wright, Mauck, Hawes & Spencer*, for defendant.

CORSON, J., January 31, 1957.—In this case plaintiff, hereinafter referred to as Stearly, brought suit against defendant, hereinafter referred to as the company, seeking to recover loss resulting from fire damage to a tractor and trailer owned by Stearly and insured against fire damage by the company.

The jury returned a verdict in favor of Stearly in the amount of $6,457.50, of which all above $6,000 apparently was interest.

A short statement of the facts is substantially as follows: The driver of the Stearly tractor and trailer was operating the equipment, loaded on a trip to the west. At a point during this trip the operator, evidently traveling at too high a rate of speed, came over a grade and was forced to make a curve to the left. Since he was forced to keep on the right side of the road where the dip of the crown of the road was to the right, the load shifted so that the driver did not make the curve but ran more or less straight ahead, striking an automobile standing on an intersecting road, and continued on, knocking down some utility poles, and ran into a field where the tractor and trailer ended up lying on their right sides. Shortly thereafter fire broke out in the wreckage of the tractor and, whether as a result of the fire or the turning over of the equipment, the sides and top of the aluminum body gave way, separated from the body of the trailer, and the load spilled over onto the ground.

There was testimony as to the damage caused by the accident prior to the fire and testimony as to the damage caused by the fire alone.

After the verdict was rendered, defendant filed the present motions for judgment non obstante veredicto and a new trial.

The contention of defendant is that the proximate cause of the fire damage was the collision and resulting upset of the equipment. Defendant cites many perfectly good cases holding that where an owner is insured against collision, such insurer is liable to pay for fire damage if the fire followed in natural sequence as a result of the collision. The cases cited would certainly seem to be controlling if the present suit had been brought upon a collision policy. However, Stearly appears not to have been insured as to collision damage.

Stearly's claim in the present case, however, comes through the fire policy and the damage caused by such

fire. It can make no difference whether the fire resulted from the collision, arson or any other of possibly many causes. The simple fact remains that the proximate cause of the fire damage was fire. Generally speaking, so far as the insurer is concerned, where there is no exception as to the cause of the fire, it makes no difference what the cause was unless perhaps the fire was deliberately caused by the insured.

While the trial judge allowed the jury to pass upon certain questions of fact under which the jury found that the collision was the proximate cause of the fire and the fire damage, yet for the reasons indicated we feel that this finding can in no way be controlling as to the verdict. If there was fire damage, then the insurer, in this case the company, must pay.

The important question in the present case is the amount of fire damage sustained by the equipment. As in nearly all cases where an insurance company is a defendant, a jury is usually most sympathetic with the insured. In this case the trial judge feels that the jury went overboard in the amount of the verdict awarded to Stearly. Without discussion of the detailed damage, it is sufficient to say that the conscience of the trial judge was shocked at the size of the verdict.

We feel that unless a remittitur is filed a new trial must be granted. We fix the amount of such remittitur in the following decree:

And now, January 31, 1957, for the reasons given, defendant's motion for judgment non obstante veredicto is refused; defendant's motion for a new trial is granted unless plaintiff, H. Douglas Stearly, shall, within 30 days after notice of the filing of this opinion, file a remittitur for all of that part of the verdict above $4,300. If such a remittitur is filed, the motion for a new trial will be refused and judgment will be entered upon the verdict as modified by such remittitur.